```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/17/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JEAN HILAIRE, JEAN FRESNEL, SUALIO         :  19 Civ. 3169 (PAE) (RWL)
KAMAGATE, JEAN VERTUS, FOUSSEIMI           :
CAMARA, JEAN MOROSE, NOE PEREZ,            :  **DECISION AND ORDER:**
EDGAR ESPINOZA, BOLIVIO CHAVEZ,            :  **MOTION FOR CONDITIONAL**
BRAULIO MATAMORES FLORES, JEORGE           :  **COLLECTIVE CERTIFICATION**
VENTURA CONCEPCION, ANGEL SANDOVAL,        :
CARLOS DE LEON CHIYAL, and LESLY PIERRE    :
*on behalf of themselves and all others similarly* :
*situated who were employed by Underwest*  :
*West Side Operating*,                     :
                                           :
                       Plaintiffs,         :
                                           :
        - against -                        :
                                           :
UNDERWEST WESTSIDE OPERATING CORP.,        :
MOSHE WINER, MARTIN TAUB, AVI GOLAN, and   :
ELAD EFORATI,                              :
                                           :
                       Defendants.         :
------------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

   Plaintiffs filed this action against a carwash business and its owners and managers, claiming violations of wage and hours laws under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Before the Court is Plaintiffs' motion for an order (1) conditionally certifying their FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b); (2) approving their proposed form and manner of notice to potential opt-in members to the collective action; and (3) requiring Defendants to provide Plaintiffs with a list containing contact information of all individuals employed by Defendants for the last six years. For the reasons that follow, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART.

1

**Relevant Factual and Procedural Background[1]**

Defendants Moshe Winer ("Winer"), Martin Taub ("Taub"), Avi Golan ("Golan"), and Elad Eforati ("Eforati") own and operate Defendant Westside Highway Car Wash ("Westside"), located at 638 West 46th Street in New York City (collectively, "Defendants"). Plaintiffs performed non-managerial tasks at Westside, such as washing, drying, and detailing. Their tenure of employment varied. For instance, Edgar Spinoza ("Spinoza") worked at Westside from 2000 through mid-2019, while Jean Morose ("Morose") worked there from June 2013 to March 2017. According to Plaintiffs, Defendants unlawfully retained portions of Plaintiffs' tips and claimed a tip credit without providing Plaintiffs with appropriate notice of the tip credit. Additionally, Plaintiffs typically worked more than forty hours each week but were not paid the requisite amount of overtime pay.

Each of the four Plaintiffs who submitted declarations state that they observed co-workers working more than forty hours per week, saw their co-workers' pay checks, and spoke with co-workers about their pay and tips. The declarants either witnessed, or discussed with co-workers who witnessed, at least one of the manager Defendants taking tips for himself from the workers' tip pool. The Plaintiff declarants do not identify their co-workers by name or other means. However, during the pendency of this action, at least eleven additional persons have consented to become plaintiffs in the action. (Dkt. 47-49, 52, 55-57, 60-63.)

---

[1] The factual background is drawn from the Complaint dated April 9, 2019 (Dkt. 1) and the declarations of Plaintiffs Edgar Espinoza (Dkt. 43) ("Ezpinoza Decl."), Jean Morose (Dkt. 44) ("Morose Decl."), Lesly Pierre (Dkt. 45) ("Pierre Decl."), and Angel Sandoval (Dkt. 46) ("Sandoval Decl."), filed in support of Plaintiffs' motion for conditional collective certification.

The Complaint alleges violations of both the NYLL and FLSA. As relevant to this motion, the Complaint asserts three FLSA claims – failure to pay minimum wage (First Cause of Action), failure to pay overtime wages (Third Cause of Action), and unlawful retention of tips (Seventh Cause of Action).

Plaintiffs filed the instant motion on October 18, 2019 to conditionally certify a collective action for their FLSA claims. (Dkt. 41.) The motion includes a Memorandum of Law in Support (Dkt. 42) ("Pl. Mem."), as well as declarations from Plaintiffs Espinoza, Morose, Pierre, and Sandoval. (Dkt. 43-46.) In opposition, Defendants filed a Memorandum of Law (Dkt. 53) ("Def. Opp.") along with the Declaration of Moshe Winer (Dkt. 54) ("Winer Decl.") on November 13, 2019. Plaintiffs filed a Reply Memorandum of Law on December 3, 2019. (Dkt. 58) ("Reply Mem.")

**Legal Standards for Certification of Collective Action**

The Court first considers whether the collective action sought by Plaintiffs should be conditionally certified. The Court concludes that it should.

**A.     The FLSA and Section 216(b) Collective Actions**

The FLSA was enacted to remediate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). The FLSA requires that any employee who is not statutorily exempt be paid at least the federal statutory minimum wage for the first 40 hours of work in a given week, 29 U.S.C. § 206(a), and that they receive "a rate not less than one and one-half times the regular rate at which he is employed" for overtime, or time worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1). "Under neither [the FLSA nor the NYLL] will a fixed salary be deemed to

3

include an overtime component in the absence of an express agreement." *Francois v. Mazer*, No. 09 Civ. 3275, 2012 WL 653886, at *4 (S.D.N.Y. Feb. 28, 2012) (citing *Wong v. Hunda Glass Corp.*, No. 09 Civ. 4402, 2010 WL 2541698, at *2 (S.D.N.Y. June 23, 2010)).

The FLSA allows workers to initiate collective actions to recover minimum and overtime wages on behalf of similarly situated employees. *See* 29 U.S.C. § 216(b). The statute provides in pertinent part:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in court in which such action is brought.

29 U.S.C. § 216(b).

Designating a "collective" in an FLSA action differs from certification of a class action under Rule 23 of the Federal Rules of Civil Procedure in that potential FLSA collective members must affirmatively opt into the litigation, rather than opt out. *See Lianhua Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, No. 17 Civ. 273, 2018 WL 1737726, at *2-3 (S.D.N.Y. March 26, 2018) (discussing the differences between an FLSA collective action and a Rule 23 class action); *Contrera v. Langer*, 278 F. Supp. 3d 702, 713 (S.D.N.Y. 2017) (same). Moreover, a proposed FLSA collective need not meet the Rule 23 prerequisites of numerosity, typicality, commonality, and representativeness. *Bittencourt v. Ferrara Bakery & Cafe Inc.*, 310 F.R.D. 106, 111 (S.D.N.Y. 2015); *see also Lianhua Weng*, 2018 WL 1737726, at *2; *Contrera*, 278 F. Supp. 3d at 713.

4

**B.      Section 216(b)'s Two-Step Collective Certification Process**

The FLSA itself "does not prescribe any procedures for approval of collective actions." *Contrera*, 278 F. Supp. 3d at 712 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)). However, "district courts 'have discretion, in appropriate cases, to implement [Section 216(b) ] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (alterations in original) (quoting *Hoffmann-La Roche*, 493 U.S. at 169). "Orders authorizing notice are sometimes referred to as orders 'certifying' a collective action, even though the FLSA does not contain a certification mechanism." *Contrera*, 278 F. Supp. 3d at 712 (citing *Myers*, 624 F. 3d at 555 n.10).

The Second Circuit has endorsed a two-step method used by district courts in determining whether to exercise their discretion to certify a collective action under Section 216(b) and to permit notice to be sent to potential opt-in plaintiffs. *Myers*, 624 F.3d at 554-55 (referring to the two-step process as "sensible"); *see also Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016) ("In *Myers*, we endorsed a two-step process for certifying FLSA collective actions"); *Hamadou*, 915 F. Supp. 2d at 660-61 (discussing and applying the two-step process); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 321 (S.D.N.Y. 2007) (same).

At the first step – the present stage of this litigation – a district court may "mak[e] an initial determination to send notice to potential opt-in plaintiffs who may be similarly situated to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555 (citing *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819, 2006

5

WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006)); *see also Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (same). Thus, "[t]he threshold issue in deciding whether to authorize class notice in an FLSA action is whether plaintiffs have demonstrated that potential class members are 'similarly situated.'" *Sbarro*, 982 F. Supp. at 261; *Islam v. LX Avenue Bagels, Inc.*, No. 18 Civ. 4895, 2019 WL 5198667, at *3 (S.D.N.Y. Sept. 30, 2019) (same).

Though "[n]either the FLSA nor its implementing regulations define the term 'similarly situated,' . . . courts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Sbarro*, 982 F. Supp. at 261; *see also Myers*, 624 F.3d at 555 (same). Employees identified as similarly situated to named plaintiffs need not be "identical in [to them] all respects," *Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 294, 323 (S.D.N.Y. 2011)*, reversed on other grounds*, 533 F. App'x 11 (2d Cir. 2013). Rather, "courts may conditionally certify collectives of individuals with a variety of job titles, but only where a common unlawful policy is shown." *Liping Dai v. Lychee House, Inc.,* No. 17 Civ. 6197, 2018 WL 4360772, at *10 (S.D.N.Y. Aug. 29, 2018).

At the second stage of certification, which occurs at a future juncture that the instant case has not yet reached, "with the benefit of additional factual development, the district court determines whether the collective action may go forward by determining whether the opt-in plaintiffs are in fact similarly situated to the named plaintiffs." *Glatt*, 811 F.3d at 540 (citing *Myers*, 624 F.3d at 555); *see Genxiang Zhang v. Hiro Sushi at Ollie's Inc.*, No. 17 Civ. 7066, 2019 WL 699179, at *5 (S.D.N.Y. Feb. 5, 2019) ("After

6

discovery is complete, the court will evaluate the full record before it, in order to determine whether the opt-in plaintiffs are, in fact, similarly situated") (citing *Fasanelli*, 516 F. Supp. 2d at 321).  At the second stage, "[t]he action may be 'de-certified' if the record reveals that [the opt-in plaintiffs] are not [similarly situated], and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555.

**C.      Legal Standard for Conditional Collective Certification**

At the conditional certification stage, although a plaintiff's "modest factual showing cannot be satisfied simply by unsupported assertions," *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 443 (S.D.N.Y. 2012) (internal quotations omitted), "[t]he burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'"  *Sbarro*, 982 F. Supp. at 261; *see also Hamadou*, 915 F. Supp. 2d at 661-62 (describing the burden as "very low" or "minimal") (quoting *Raniere*, 827 F. Supp. 2d at 368 and *Damassia*, 2006 WL 2853971, at *3).  "The leniency of this requirement is consistent with the broad remedial purpose of the FLSA." *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349, 2006 WL 278154, at *2 (S.D.N.Y. Feb. 2, 2006) (citing *Sbarro*, 982 F. Supp. at 262).

Plaintiffs can meet their burden at the conditional certification stage by "relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *Hamadou*, 915 F. Supp. 2d at 661 (quoting *Raniere*, 827 F.Supp.2d at 319.  For this initial stage, courts "regularly rely on . . . hearsay statements in determining the propriety of sending notice." *Salomon v. Adderley Industries, Inc.*, 847 F. Supp. 2d 561, 563 (S.D.N.Y. 2012).  Although the plaintiff's allegations and factual

7

assertions "cannot be entirely conclusory," they need not contain a high level of specificity. *Liping Dai*, 2018 WL 4360772, at \*5 (citing *Morales*, 2006 WL 278154, at \*2).

Importantly, "[i]n ascertaining whether potential opt-in plaintiffs are similarly situated" at the conditional certification stage, "courts should not weigh the merits of the underlying claims." *Hamadou*, 915 F. Supp. 2d at 662 (citing *Lynch*, 491 F. Supp. 2d at 368); *see also Islam*, 2019 WL 5198667 at \*4 (same). "At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Lynch*, 491 F. Supp. 2d at 368; *see also Fasanelli*, 516 F. Supp.2d at 322 (the "preliminary documents" assessed at the first stage of certification "necessarily contain unproven allegations").

In the event a plaintiff's factual allegations are sufficient with respect to only a subset of employees within their proposed collective, "[c]ourts performing the collective action certification inquiry have discretion to certify a different group of individuals than that sought by the plaintiff." *Guan Ming Lin v. Benihana National Corp.*, 275 F.R.D. 165, 172 (S.D.N.Y. 2011); *see, e.g.*, *Genxiang Zhang*, 2019 WL 699179, at \*7-8 (granting conditional certification, but narrowing the job categories included in the collective); *She Jian Guo v. Tommy's Sushi Inc.*, No. 14 Civ. 3946, 2014 WL 5314822, at \*4 (S.D.N.Y. Oct. 16, 2014) (same).

### The Requirements for Conditional Certification are Met Here

Plaintiffs seek conditional certification of a collective of all current and former employees of Westside "employed in the position of carwash worker, performing washing, cleaning, drying and detailing vehicles and/or other related tasks in furtherance of the Defendants' carwash business" during the last six years. In applying the legal standards

8

set forth above, the Court finds that Plaintiffs have carried their low burden at this procedural stage.

Plaintiffs have submitted sworn declarations from four of the named Plaintiffs. Each of their accounts demonstrates that they are similarly situated to each other with respect to the claims against Westside. Each purport to have worked at the carwash in various overlapping capacities. Each provides detail about the number of hours they worked per week and the pay received. Each attest to the same pay and tip practices to support the existence of a common policy or plan.[2] There is no indicia that Plaintiffs or others similarly situated to them are exempt employees not subject to the same wage and hour requirements, and Defendants have not argued or even suggested otherwise.

In opposing Plaintiffs' motion to certify the collective, Defendants argue the facts and merits of the case, but otherwise concede the relevant legal issue on this motion. For instance, Defendants contend that no collective action should be approved with respect to the minimum wage and overtime claims "[b]ecause the Plaintiffs are wholly unable to prove that they have suffered any FLSA minimum wage or overtime violations." (Def. Opp. at 2.) That is precisely the type of merits-based argument that is not relevant to conditional determination of whether other employees are similarly situated to Plaintiffs.[3]

---

[2] Each declarant also asserts knowledge of the same pay and tip practices being applied to other co-workers. None of the declarants identify by name or other aspect any of those co-workers. While such statements may be unduly conclusory and insufficient alone to support a "similarly situated" determination, the fact that all four declarants each speak to the same policy and practice as applied to them demonstrates a common policy or plan. In any event, Defendants do not present any argument to dispute the commonality of their pay policies.

[3] For the same reason, the Declaration of Moshe Winer submitted by Defendants in opposition is largely irrelevant. The Declaration puts forth facts to dispute the substantive assertions of the Complaint and demonstrate that Defendants did not violate the FLSA.

9

*Hamadou*, 915 F. Supp. 2d at 662; *Lynch*, 491 F. Supp. 2d at 368.  And, with respect to Plaintiffs' retained-tips claim, Defendants concede that "Plaintiffs have arguably met the admittedly low threshold at this early stage to obtain conditional certification." (Def. Opp. at 2; *see also id.* at 14.)

At the same time, Defendants contend that any collective with respect to the retained-tips claim action should be "sharply limited in time and scope." (Def. Opp. at 2.) That argument turns on the enactment date of the statutory provision invoked by Plaintiffs in the Complaint.  The Complaint claims Defendants improperly withheld tips pursuant to 29 U.S.C. § 203(m), which provides:  "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, *regardless of whether or not the employer takes a tip credit*." (Complaint ¶ 274 (emphasis added).)

Defendants point out that the portion of Section 203(m) prohibiting employers and managers from sharing employee tip income even when they do not take an employee tip credit became part of the statute on March 23, 2018. (Def. Opp. at 14-15.)  According to Defendants, they never took a tip credit.  Accordingly, they argue, they would not have been in violation of Section 203(m) prior to March 23, 2018, and at most, Plaintiffs' claim could be conditionally certified for only the period of time after March 23, 2018.  (*Id.* at 15.)  This argument, however, suffers from the same deficiency as Defendants' response to the other FLSA claims: it is dependent on disputed fact and interpretation of FLSA's requirements.  (*See, e.g.,* Reply at 5-9.)   These issues are not appropriate for

---

While potentially relevant to a dispositive motion at a later point in this litigation, those assertions are not proper fodder for determining conditional certification.

determination at this early juncture and provide no basis to limit conditional certification based on when the current formulation of Section 203(m) was enacted.

In sum, Plaintiffs have met their burden for conditional certification of their FLSA claims for unpaid overtime (Third Cause of Action) and unlawful tip retention (Seventh Cause of Action).[4]

## Court-Authorized Notice

Having approved conditional certification of a collective action, the Court turns to issues concerning the notice to be disseminated. As part of their motion papers, Plaintiffs submit a proposed form of notice for the Court's approval. (Dkt. 42-1.) The parties disagree on certain aspects of the notice, which the Court addresses below.

**A.   General Standards of Collective Action Notice**

Once a court finds that a named plaintiff has satisfied his or her burden at the conditional certification stage, it "may proceed to authorize issuance of a notice informing potential additional plaintiffs of their opportunity to opt into the lawsuit." *Liping Dai*, 2018 WL 4360772, at *5 (citing *Lynch*, 491 F. Supp. 2d at 367). Although the FLSA itself "has no provision for issuing notice in a collective action, it is 'well settled' that district courts have the power to authorize an FLSA plaintiff to send such notice to other potential plaintiffs." *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104

---

[4] Although the Complaint asserts three causes of action under the FLSA, Plaintiffs have clarified that they are not pressing an FLSA minimum wage claim (First Cause of Action). In their Reply, Plaintiffs state that they "did not and do not seek certification of their FLSA minimum wage claims." (Reply Mem. at 3-4.) The statement that Plaintiffs "did not" seek certification of FLSA minimum wage claims is odd given that Plaintiffs' First Cause of Action is titled "Fair Labor Standards Act – Unpaid Minimum Wage." (*See* Complaint ¶¶ 223-232.) In any event, Plaintiffs have made clear that they are not seeking collective certification of an FLSA minimum wage claim.

11

(S.D.N.Y. 2003) (quoting *Sbarro*, 982 F. Supp. at 261).  No authority "ha[s] specifically outlined what form court-authorized notice should take nor what provisions the notice should contain."  *Fasanelli*, 516 F. Supp. 2d at 323 (noting also that in *Hoffmann La-Roche*, the Supreme Court "abstained from reviewing the contents of a proposed notice under § 216(b)").  District courts thus possess "broad discretion" to "monitor[ ] preparation and distribution of the [n]otice to ensure that it is timely, accurate, and informative."  *She Jian Guo*, 2014 WL 5314822, at *4 (alteration in original) (internal quotations omitted) (quoting *Hoffmann La-Roche*, 493 U.S. at 172).

In utilizing their discretion to approve the details of notice, "courts should consider the overarching policies of the notice provisions of Section 216(b) . . . which include achieving judicial efficiency and lowering individual costs for plaintiffs."  *Liping Dai*, 2018 WL 4360772, at *6 (citing *Fasanelli*, 516 F. Supp. 2d at 323).

**B.     Notice Period:  Three Years vs. Six Years**

The parties disagree as to whether notice should be directed to persons who worked for Westside during the last three years or the last six years.  The statute of limitations under the FLSA is two years, but is extended to three years in cases where, as here, willful misconduct is alleged.  29 U.S.C. § 255(a).  District courts thus "routinely" apply the three-year statute of limitations to the notice period when plaintiffs plead a willful violation of the FLSA.  *Cohen v. Gerson Lehrman Group, Inc.*, 686 F. Supp. 2d 317, 331 (S.D.N.Y. 2010); *see, e.g.*, *Vasto v. Credico (USA) LLC*, No. 15 Civ. 9298, 2016 WL 2658172, at *16 (S.D.N.Y. May 5, 2016) (approving a three-year limitations period in defining the scope of notice because plaintiffs alleged a willful violation of the FLSA).

Notwithstanding this "routine" practice, Plaintiffs seek to extend notice to employees for a six-year period. Plaintiffs argue, correctly, that their claims include claims under the NYLL, which has a six-year statute of limitations. NYLL § 198(3). Indeed, some courts have approved six-year limitation periods where plaintiffs have asserted claims pursuant to both the FLSA and NYLL. *See, e.g.*, *Fonseca v. Dircksen & Talleyrand, Inc.*, No. 13 Civ. 5124, 2014 WL 1487279, at *6 (S.D.N.Y. April 11, 2014) (approving request for six-year notice period); *Winfield v. Citibank, N.A.*, 843 F. Supp.2d 397, 410 (S.D.N.Y. 2012) (same).

Other courts, however, approve only the three-year period, which is "the maximum time period to join an FLSA collective action." *Garcia*, 102 F. Supp.3d at 551; *accord Romero*, 968 F.Supp.2d at 648-49 (distinguishing three-year period under FLSA from six-year period under NYLL and rejecting plaintiff's request to apply six-year period); *Ramos*, 2014 WL 3639194, at *4 (rejecting six-year period in favor of three-year period). After all, the NYLL does not provide for a collective action as distinct from a class action, which is a different procedure with different requirements. *See Alvarez v. IBM Restaurants Inc.*, 839 F. Supp.2d 580, 587 (E.D.N.Y. 2012) ("To the extent the Plaintiffs seek to provide notice to potential plaintiffs that fall outside of the putative FLSA class, but may have claims under the N.Y. Labor Law, they must follow discovery and notice procedures applicable to class actions under the Federal Rules of Civil Procedure.").

Where, as here, no class action has been certified pursuant to Fed. R. Civ. P. 23, "[i]t would be confusing to employees who are ineligible for the FLSA opt-in class to receive the opt-in notice, which does not relate to any state law claims." *Hamadou,* 915 F. Supp.2d at 558); *see also Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545,

13

564 (S.D.N.Y. 2013) (ordering three-year notification window due to potential confusion). As Plaintiffs aptly note, confusion potentially can be "mitigated by the language of the notice." (Reply at 9-10) (citing *Rojas v. Kalesmeno Corp.*, 17 Civ. 0164, 2017 WL 3085340, at *6 (S.D.N.Y. July 19, 2017)). In this case, the Court does not share that confidence; the proposed notice contains enough legal content as it is. *See Romero*, 2014 WL at *4 (finding argument that six-year notice period will cause confusion is more persuasive than argument that using the longer period is more economical). Accordingly, the Court approves a three-year notice period for the collective action.

**C.     Reference to State Law Claims**

Plaintiffs' proposed notice explains in multiple paragraphs that the claims in this case include ones under the NYLL. (Dkt. 42-1.) The notice additionally contains an entire section titled "State Law Claims Are Pending" describing the state law claims and the possibility of class certification based on those claims. (*Id.*) Defendants oppose including any reference to New York State law claims. They argue that the NYLL claims cannot be part of any collective action and that reference to them will cause confusion.

Decisions in this Circuit "have gone both ways" on this issue. *Keawsri v. Rame-Ya Inc.*, No. 17 Civ. 2406, 2018 WL 279756, at *7 (S.D.N.Y. Jan. 2, 2018). *See, e.g.*, *Johnson v. Carlo Lizza & Sons Paving, Inc.*, 160 F. Supp. 3d 605, 612 (S.D.N.Y. 2016) ("[T]he proposed notice's references to the NYLL and to plaintiffs' other non-FLSA claims are apt to confuse potential plaintiffs about the nature of this action . . . . Therefore, the Court directs plaintiffs to edit the notice so that it refers only to plaintiffs' unpaid overtime claim under the FLSA."); *but see Lujan v. Cabana Management, Inc.*, No. 10 CV 755, 2011 WL 317984, at *11 (E.D.N.Y. Feb. 1, 2011) (stating that courts allow reference to

14

state law claims "[b]ecause that language may be relevant to potential plaintiffs with timely federal claims in deciding whether or not to opt in to the collective action").

The Court finds that failing to refer to the state claims at all in this instance could itself be confusing, because the omission would not apprise potential opt-in plaintiffs of the full scope of what the lawsuit claims and what they would be opting into. At the same time, the Court finds that the notice as currently drafted refers to the state law claims too many times and that the separately titled state law section, as currently drafted, is unduly prejudicial to Defendants.

Accordingly, the notice shall be revised to remove all references to the NYLL except that the separately titled section may be retained, provided the third sentence (beginning with "Under New York law" and ending with "to April 9, 2013") is deleted. Additionally, the last sentence of that section ("In the event . . .") should be included in the preceding paragraph rather than stand alone.

D.   **Litigation Burdens on Opt-In Plaintiffs**

Defendants contend that the notice should include language informing potential opt-in plaintiffs that if they join the collective action, they may be required to respond to discovery demands and give testimony at deposition or trial. While Courts are averse to including descriptions of opt-in obligations that are more likely to deter participation than provide helpful information, they will allow "neutral and non-technical" explanations of an opt-in plaintiff's potential discovery obligations. *See, e.g., Zai You Zhu v. Pmeo Japanese Grill and Sushi, Inc.* No. 17 Civ. 3521, 2018 WL 6531592, at *2 (S.D.N.Y. Dec. 11, 2018) ("Courts in this district have allowed 'neutral and non-technical' references to discovery obligations in collective action notices but have required modification of non-neutral

15

references") (internal quotations and citations omitted); *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629, 2013 WL 5211839, at *7 (S.D.N.Y. Sept. 16, 2013) (where parties seek to add only a "neutral and non-technical reference to discovery obligations," the advantages of providing notice regarding potential obligations outweigh the possibility of dissuading potential plaintiffs) (internal citation omitted)).

The Court agrees that a neutral reference to opt-in plaintiffs' disclosure obligations is appropriate. Accordingly, the revised notice should incorporate the following sentence: "If you join this lawsuit, you may be required to give testimony and information about your work for the Westside Highway Carwash so that the Court can decide whether you are owed any money." *See Zai You Zhu*, 2018 WL 6531592 at *2 (ordering that notice include statement "If you join this lawsuit, you may be asked to give testimony and information about your work for [Restaurant] to help the Court decide whether you are owed any money.").

**E.     Other Notice Language Issues**

Defendants indicate that they have "other, more minor issues" concerning the notice and request that the parties be directed to meet and confer about its specific language. (Def. Opp. at 17-18.) Plaintiffs' Reply does not address Defendants' request. The Court endorses Defendants' suggestion and will direct the parties to meet and confer on these issues prior to Plaintiffs' submitting a revised notice for approval.

**F.     Posting Notice on Defendants' Website**

Plaintiffs initially proposed that a copy of the notice be posted on Plaintiff counsel's website. Defendants opposed, and, in reply, Plaintiffs state that they "do not contest

Defendants' opposition." (Reply Mem. at 10.) Accordingly, notice shall not be posted on Plaintiff counsel's website.

### G. Production of Employee Contact Information

Plaintiffs ask the Court to order Defendants to produce a list containing the names, last known addresses, telephone numbers, and email addresses of all individuals employed as Westside non-exempt carwash employees for the last six years.

"Many courts have determined that discovery of contact information is appropriate at the notice stage in FLSA collective actions." *Khamsiri v. George & Frank's Japanese Noodle Restaurant Inc.*, No. 12 Civ. 265, 2012 WL 1981507, at *2 (S.D.N.Y. June 1, 2012); *see also Salomon*, 847 F. Supp. 2d at 566 ("To facilitate the notice process, courts routinely order an employer to provide plaintiffs with information regarding potential opt-in plaintiffs"). The particular contact information requested is appropriate, and Defendants have not argued otherwise (apart from contending that no information should be provided at all because conditional certification should be denied). However, the temporal scope must be modified to the last three years to be consistent with the notice period approved above.

Accordingly, within 14 days of the Court's Order approving a revised notice, to the extent identified upon a reasonable search of data within Defendants' possession, custody or control, Defendants shall provide the names, date of employment, and last known addresses, telephone numbers and email addresses for all non-exempt Westside carwash employees for the past three years.

## Conclusion

For the foregoing reasons, Plaintiffs' motion to conditionally certify an FLSA collective action, issue notice, and require production of employee contact information is GRANTED IN PART and DENIED IN PART as follows:

1. A collective action is conditionally certified for non-exempt Westside carwash employees for the last three years.

2. Plaintiffs shall meet and confer with Defendants to revise the proposed notice consistent with this Decision and Order, and shall submit the revised proposed notice for the Court's approval within 14 days of the date of this Decision and Order.

3. Upon the Court's approval of a revised proposed notice, Plaintiffs may disseminate the notice consistent with this Decision and Order.

4. Within 14 days of the Court's entry of an Order approving the revised proposed notice, Defendants shall produce the contact information delineated above for non-exempt Westside employees for the last three years.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:   February 17, 2020
         New York, New York

Copies transmitted to all counsel of record.