# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------  X
JEAN HILAIRE, JEAN FRESNEL, SUALIO         |
KAMAGATE, JEAN VERTUS, FOUSSEIMI           |
CAMARA, JEAN MOROSE, NOE PEREZ,            |
EDGAR ESPINOZA, BOLIVIO CHAVEZ,            |   Civil Action
BRAULIO MATAMORES FLORES, JEORGE           |
VENTURA CONCEPCION, ANGEL                  |
SANDOVAL, CARLOS DE LEON CHIYAL,           |   Index No.: 19-CV-3169
and LESLY PIERRE on behalf of themselves and |
all others similarly situated who were employed |
by Underwest West Side Operating           |   IMPORTANT NOTICE
                                           |   ADVISING YOU OF YOUR
              Plaintiffs,                  |   LEGAL RIGHTS
       - against -                         |
                                           |
                                           |
UNDERWEST WESTSIDE OPERATING               |
CORP., MOSHE WINER, MARTIN TAUB, AVI       |
GOLAN, and ELAD EFORATI,                   |
                                           |
              Defendants,                  |
------------------------------------------------------------  X
```

**OPPORTUNITY TO CLAIM MONEY, PARTICIPATE IN CLASS ACTION SETTLEMENT, OBJECT OR REMOVE YOURSELF FROM A CASE INVOLVING WESTSIDE HIGHWAY CAR WASH**

**<u>PLEASE READ THIS NOTICE CAREFULLY</u>**

<u>**IF YOU NEED HELP WITH READING OR UNDERSTANDING THIS NOTICE, OR WITH FILLING OUT THE FORM TO MAKE A CLAIM YOU CAN CALL THE CLAIMS ADMINISTRATOR AT XXX-XXX-XXXX OR THE LAWYERS FOR THE WORKERS, STEVEN ARENSON AND AVI MERMELSTSEIN, OF ARENSON, DITTMAR & KARBAN, AT 212-490-3600**</u>

**This Notice contains important information about your right to participate in this case, and to make a claim for money from a settlement fund that will not be more than $1,219,885.73.  This Notice also has information about your right to choose not to be a part of this case.**

| WHY DID I RECEIVE THIS NOTICE? |
|---|

You have received this Notice because records show that you worked as a car wash worker or cashier for Underwest Westside Operating Corp. at the Westside Highway Car Wash. We will call Underwest Westside Operating Corp., and the owners and managers of the car wash the "Westside Highway Car Wash."

## ABOUT THIS CASE

This case involves two different laws: (1) the federal Fair Labor Standards Act (which we call the "Federal Wage Law") and (2) the New York Labor Law (which we call the "New York Wage Law").

The workers who started this case are Jean Hilaire, Jean Fresnel, Sualio Kamagate, Jean Vertus, Fousseimi Camara, Jean Morose, Noe Perez, Edgar Espinoza, Bolivio Chavez, Braulio Matamores Flores, Jeorge Ventura Concepcion, Angel Sandoval, Carlos De Leon Chiyal, and Lesly Pierre. In this Notice, they will be called the "Named Plaintiffs." These workers listed brought this lawsuit on behalf of themselves and all other current and former workers who worked for the Westside Highway Car Wash from **April 9, 2013 through June 2, 2019**. (We will call this group of current and former workers "The Class.")

This lawsuit seeks the payment of wages and overtime pay (for all hours worked above forty (40) hours per week) allegedly owed to current and former employees of the Westside Highway Car Wash.

The Westside Highway Car Wash strongly denies the accusations of unlawful pay practices and maintains that it paid workers legally at all times.

This Notice and its contents have been authorized by the Court. Although the Court has authorized the Claims Administrator to send this Notice, the Court takes no position regarding who is right and who is wrong in this case.

You are under no obligation to respond to this Notice but in order to receive money in this case you must fill out and sign the Claim Form and the IRS Forms W-4 and W-9 that are being sent to you with this Notice and mail all completed, signed documents in the enclosed envelope.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS CASE

**PARTICIPATE**   To participate in this case, send a completed Claim Form and Release (which we will call a "Claim Form") and IRS Forms W-4 and W-9 to the Claims Administrator. The Claims Administrator is a company hired to handle claims for money, requests to be taken out of the case and objections made by the workers, among other things. Your Claim Form must be mailed and post-marked by _____, 2021. If you fail to mail a timely Claim Form post-marked by _____, 2021, you will receive no money from the case.

**EXCLUDE YOURSELF**   If you wish to exclude yourself from the lawsuit, you must follow the directions stated in response to Question 6 below.

**OBJECT**   If you want to object to the proposed Settlement, you must write to the Court as stated in response to Question 11 below, and appear in Court on the date of the Fairness Hearing. If the Court rejects your objection, you will still be bound by the terms of the Settlement unless you send a valid and timely Request for Exclusion. You will not be bound by the settlement if you exclude yourself as described in response to Question 6 below.

### 1. WHAT IS A CLASS ACTION?

A class action is case where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court handles the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable _____, United States District Court for the Southern District of New York, is the judge in this class action. In this case, the Named Plaintiffs allege that the Westside Highway Car Wash did not pay them and Class Members the required minimum wage for each hour worked and proper overtime wages when they worked over forty (40) hours in a week, as well as other claims under federal and New York laws. The main claim is that Westside Highway Car Wash took a tip credit for

3

workers getting tips without giving proper notice and following other rules related to the tip credit.

## 2. WHY IS THERE A SETTLEMENT?

The lawyers for the Class analyzed and evaluated the claims made against the Westside Highway Car Wash, investigated their payroll policies, made applications in Court, participated in mediation, and analyzed pay information for the Class Members. Based upon their analysis and evaluation of this information, relevant law, and the substantial risks of continuing the case in Court, including the possibility that the case, if not resolved now, might not result in any payment to the workers, or might end with a result that is less favorable and that would not occur for several years, the Named Plaintiffs and their lawyers entered into this proposed Settlement. The Named Plaintiffs and other members of the Class have already informed the lawyers for the workers of their satisfaction with the proposed terms of the Settlement. The lawyers for the workers are satisfied that the terms and conditions of this Settlement are therefore fair, reasonable and adequate, and that this Settlement is in the best interest of the Class Members.

## 3. HOW MUCH WILL I RECEIVE UNDER THE SETTLEMENT?

The amount of money you will receive is based on the number of weeks worked by you during the period April 9, 2013 through June 2, 2019. It assumes that you worked an average of 54 hours per week. Weeks worked between April 9, 2013 through December 31, 2014 count a little more because workers claim an additional violation occurred then. You get points for each week worked according to the formula below.

If you worked as a Car Wash Worker, your total points are calculated by multiplying the number of your weeks worked during the period by the number of points per period as follows:

| April 9, 2013-December 31, 2014 | January 1, 2015-June 2, 2019 |
|---|---|
| 1.23 | 1 |

If you worked as a Cashier, your total points are calculated by multiplying the number of your weeks worked during the period by the number of points per period as follows:

| April 9, 2013-December 31, 2014 | January 1, 2015-June 2, 2019 |
|---|---|
| 0.23 | 0 |

There is a minimum recovery of $50.00 for any Claimant whose total points allotment pursuant to the above formula results in an amount that is less than $50.00.

**If you already filed a Consent to Join form you will be treated as a Claimant and you do not need to submit a Claim form.**

| 4. | PROCEDURES |

To receive money in this case, you must complete, sign and return the enclosed Claim Form and IRS Forms W-4 and W-9 on time and according to instructions provided on the form.

When you sign the Claim Form you are stating that you want to make a claim and receive money in this case under the Federal or New York Wage and Hour Law. As explained in the answer to Question 3 above, the formula to decide how much money you receive for your claim assumes you worked an average of 54 hours per week. If you think you usually worked more than that and would like to challenge that assumption by having the Administrator look at a few of your actual records instead, you have to say so on the Claim Form in the section marked "Challenge."

When you sign the Claim Form you are agreeing to give up your claims against the Westside Highway Car Wash according to the release of claims contained in this Notice and the Claim Form.

The Claim Form must be personally filled out by the worker who seeks to participate in the settlement, or someone with a legal right to act on his or her behalf.

The Claim Form must be properly completed, signed, and mailed to the Claims Administrator via First-Class United States Mail, and post-marked by **_____, 2021**.

**If you do not properly complete and timely submit the Claim Form, you will not be eligible to receive any money you already filed a Consent to Join form.**

You should keep in mind that if you do not write to the Claims Administrator to take yourself out of this case, and if you do not properly and timely complete and return the Claim Form in accordance with instructions provided on the form, you will not receive any money in this case, but you will still be a member of the Class and will

5

still be considered to have released all of your New York Wage and Hour Law claims.

## 5. RELEASE OF CLAIMS

If the Court grants final approval of the Settlement, this case will be dismissed with prejudice. Workers who do not take themselves out of the case will give up their right to sue the Westside Highway Car Wash and fully release the Westside Highway Car Wash through April 30, 2021, from all New York Wage and Hour claims asserted in the complaint in this case. This means that unless you take yourself out of this case, you cannot sue, continue to sue, or be part of any other case against the Westside Highway Car Wash regarding the New York Wage and Hour Law claims brought in this case. It also means that all of the Court's orders will apply to you and legally bind you.

The relevant language of Release is as follows:

Each Class Member who does not opt-out of this Agreement, on his or her behalf, and on behalf of his or her respective current, former and future heirs, spouses, assignees, executors, administrators, agents, and attorneys, fully releases and discharges Defendants, Defendants' present and former parent companies, subsidiaries, related or affiliated companies, and their respective shareholders, officers, directors, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns (including Moshe Winer, Tal Winer, Martin Taub, Barak Taub, Lior Ronner (Ronen), Avihai Golan and Elad Efrati), and all persons or entities acting by, through, under or in concert with any of them, and any individual, including but not limited to former and future heirs, spouses, assignees, executors, administrators, agents, and attorneys, or entity which could be jointly liable with any of them (collectively, the "Releasees"), for any and all claims for any wage-and-hour violations under federal, state, and/or local law, including but not limited to, any and all claims for unpaid wages, minimum wages, tips, tip credits/allowances, gratuities, service charges, commissions administrative or other mandatory charges, overtime pay, spread-of-hours pay, failure to maintain and furnish employees with proper wage records, wage notices, and/or wage statements, meal break claims, all derivative benefit claims (both ERISA and non-ERISA benefits), all other corresponding claims arising out of any state or local wage laws,, all corresponding contractual, common law or equitable claims, and any right to arbitrate said claims, that were or could have been alleged in the Litigation[1], whether known or

---

[1] The Litigation means the above-captioned case filed in the United States District Court for the Southern District of New York, Docket No. 1:19-cv-03169.

unknown, under federal, state, and/or local wage-and-hour laws (including but not limited to the New York Labor Law and related regulations), excluding only claims pursuant to the Fair Labor Standards Act, through April 30, 2021 ("Released Claims"). This release includes all claims for all damages arising from any such Released Claims, including but not limited to claims for liquidated damages, interest, statutory penalties, and attorneys' fees and costs.

In addition, anyone who submits a Claim Form or who previously submitted a Consent to Join the federal part of this case will fully give up his or her right to sue and will release the Westside Highway Car Wash through April 30, 2021, from all claims under the Fair Labor Standards Act that were or could have been asserted in the Litigation.

| 6. | HOW DO I TAKE MYSELF OUT OF THIS CASE? |
|---|---|

If you want to keep the right to sue or continue to sue the Westside Highway Car Wash on your own about the legal issues in this case or which could have been brought in this case, then you must take steps to take yourself out of this case. If you intend to take yourself out of this case, you must mail a written, signed statement to the Claims Administrator stating, "I opt out of the Hilaire settlement," and include your name, email address, mailing address, and telephone number. This is called the "Opt-out Statement." To be effective, the Opt-out Statement must be mailed to the Claims Administrator via First-Class United States Mail, postage prepaid, and postmarked by \_\_\_\_, 2021.

Claims Administrator
{Name}
{Address}
RE: Hilaire

If you take yourself out of this lawsuit and the Settlement you will not be allowed to make a claim separate from this case or object to the Settlement as described in paragraph 10 below. If you do not take yourself out of this case and the Settlement, you will still be a member of the Class and you will be obligated to obey the Court's orders and the terms of the Agreement resolving this case, even if you do not submit a claim in this case.

| 7. IF I DON'T EXCLUDE MYSELF FROM THIS SETTLEMENT, CAN I SUE THE WESTSIDE HIGHWAY CAR WASH FOR THE SAME THING LATER? |
|---|

Yes and No. If you do not take yourself out of the case, you give up the right to sue the Westside Highway Car Wash under the New York Wage and Hour Laws, but still have the right to sue the Westside Highway Car Wash under the Federal Law as long as those claims are not late according to the time deadlines set by the law. If you make a claim, or if you previously filed a Consent to Join the Federal Law part of this case, you will also give up your right to sue the Westside Highway Car Wash under the Federal Law.

### 8. IF I TAKE MYSELF OUT OF THE CASE, CAN I RECEIVE MONEY FROM THE CASE?

No. If you take yourself out of the case, you will not receive any money from the settlement fund.

### 9. DO I HAVE A LAWYER IN THIS CASE?

Yes. Steven Arenson, Esq. and Avi Mermelstein, Esq. of Arenson Dittmar & Karban, located at 200 Park Avenue, Suite 1700, New York, New York 10166, telephone number (212) 490-3600, represent you and the other members of the Class as Class Counsel. You will not be charged separately for services performed by Arenson Dittmar & Karban, as its fees are included in the proposed settlement money. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 10. HOW WILL THE LAWYERS BE PAID?

The lawyers for the Class will ask the Court to approve their fees plus expenses and costs to be paid out of the settlement fund on behalf of the Westside Highway Car Wash. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating and overseeing the Settlement. The Court will ultimately decide the amount that will be paid to Class Counsel for their services. Class Counsel intends to seek fees not to exceed $406,628.00 plus costs and expenses not to exceed $22,500.00.

### 11. HOW DO I TELL THE COURT I DON'T LIKE THE SETTLEMENT?

You can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider what you

say. If the Court rejects your objection, the terms of the Settlement will still apply to your claims under the New York Wage and Hour Laws unless you have sent in a valid and timely request to be excluded from this case. To object, you must send a letter to the Claims Administrator saying that you object to the settlement of *Jean Hilaire et al. v. Underwest Westside Operating Corp. et al.*, Case No. 1:19-cv-03169 ("*Hilaire*"). Your statement must include all reasons for the objection and any documents that support your objection. Your statement must also include your name, email address, mailing address, and telephone number.

If you wish to present your objection at the Fairness Hearing described below, you must state your intention to do so in your written objection. You will not be allowed to present reasons for your objection at the Fairness Hearing that you did not describe in your written objection. Mail the objection to the Claims Administrator via First-Class United States Mail, postage prepaid, at the address below. Your objection will not be heard unless it is mailed to the Claims Administrator via First Class United State Mail, and postmarked by _____, 2021.

>Claims Administrator
>{Name}
>{Address}
>RE: HILAIRE

The Claims Administrator will file your objection statement with the Court. You may not object to the Settlement if you submit a letter requesting to take yourself out of the case or out of the Settlement.

## 12. WHAT'S THE DIFFERENCE BETEWEEN OBJECTING AND EXCLUDING?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the case. Excluding yourself is telling the Court that you don't want to be part of the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

## 13. CAN I LOSE MY JOB IF I PARTICIPATE IN THIS CASE?

Your employer is prohibited from firing or in any way punishing or retaliating against you because of your decision to participate in this case or Settlement.

## 14. ARE UNDOCUMENTED ALIENS ALLOWED TO PARTICIPATE IN THIS CASE?

Yes.

## 15. WHEN AND WHERE WILL THE COURT DECIDE TO APPROVE THE SETTLEMENT?

The Court will hold a Fairness Hearing at 10:00 a.m. on ____, 2021, at the United States District Court for the Southern District of New York, _____, New York, New York, 10007 in Courtroom _____. At this hearing, the Court will consider whether the terms of the Settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them. The judge will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to the lawyers for the Class. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

## 16. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can review the Settlement Agreement by asking for a copy of the Settlement Agreement, by writing to the Claims Administrator at _____ or the lawyers for the Class, Steven Arenson, Esq. and Avi Mermelstein, Esq. of Arenson Dittmar & Karban, steve@adklawfirm.com, avi@adklawfirm.com, 200 Park Avenue, Suite 1700, New York, New York 10166, telephone number (212) 490-3600.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT
WITH QUESTIONS INVOLVING THIS CASE.**

Dated: _____, 2021