UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

JEAN HILAIRE, JEAN FRESNEL, SUALIO
KAMAGATE, JEAN VERTUS, FOUSSEIMI
CAMARA, JEAN MOROSE, NOE PEREZ,
EDGAR ESPINOZA, BOLIVIO CHAVEZ,
BRAULIO MATAMORES FLORES, JEORGE
VENTURA CONCEPCION, ANGEL SANDOVAL,
CARLOS DE LEON CHIYAL, and LESLY
PIERRE on behalf of themselves and all others
similarly situated who were employed by Underwest
West Side Operating,

Plaintiffs,

- against-

UNDERWEST WESTSIDE OPERATING CORP.,
MOSHE WINER, MARTIN TAUB, AVI GOLAN,
AND ELAD EFORATI,

Defendants.

------------------------------------------------------------- X

Civil Action

Case No.: 19-CV-3169

**MODIFIED ORDER**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/17/2021
```

The above-entitled matter came before the Court for Preliminary Approval of Settlement, Approval of the Settlement Under the Fair Labor Standards Act ("FLSA"), Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, Appointment of Class Representatives, and Approval of Plaintiffs' Proposed Notice of Settlement and Fairness Hearing and Settlement Claim Form and Release. The Court recognized that Defendants have consented to Class Certification for settlement purposes only without admission of liability or suitability of certification other than for purposes of settlement.

I.      **Preliminary Approval of Class Action Settlement**

1.      Based upon the Court's review of the Declaration of Avi Mermelstein ("Mermelstein Declaration"), and all other papers submitted in connection with this Implementing

Order for Preliminary Approval, the Court grants preliminary approval of the Settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement").

2.    The Court concludes that notice to the Class is appropriate.

3.    The Court concludes that the Claim Form and Release to the Class is appropriate.

4.    The Court finds that the Settlement Agreement is the result of extensive, arms-length negotiations conducted through a third-party mediator.

**II.    Approval of Proposed Settlement Under the FLSA**

1.    The Court approves the settlement of the FLSA collective action.

2.    The Court concludes that the proposed Settlement Agreement resolves a bona fide dispute between the parties as to whether Defendants satisfied their wage obligations to Plaintiffs under the FLSA.

3.    The Court concludes that the case was litigated in an adversarial manner that makes the presence of collusion unlikely.

4.    The Court finds that the terms of the proposed Settlement Agreement are fair.

**III.    Conditional Certification of the Proposed Rule 23 Settlement Class**

1.    The Court provisionally certifies the proposed Class under Federal Rule of Civil Procedure 23(e), for settlement purposes as defined in the Settlement Agreement as follows:

> Each former non-exempt employee of Underwest Westside Operating Corp. who worked during the period of April 9, 2013 through June 2, 2019.

2.    Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3) for settlement purposes.

3.    Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there is evidence of at least 160 Class Members, rendering joinder impracticable.

4.    Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because Plaintiffs and

the Class Members share common issues of fact and law, including whether Plaintiffs were properly paid minimum wages and spread-of-hours compensation for all hours worked in excess of forty (40) in a regular seven consecutive day workweek.

5.      Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the Class Members' claims.

6.      Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because Plaintiffs' interests are not adverse to or at odds with those of the Class Members.

7.      Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3).  Common factual allegations and a common legal theory predominate over any factual or legal variations among Class Members.

**IV.      Appointment of Plaintiffs' Counsel as Class Counsel**

1.      The Court appoints Steven Arenson, Esq. and Avi Mermelstein, Esq., of Arenson, Dittmar & Karban located at 200 Park Avenue, Suite 1700, New York, New York 10166, telephone number (212) 490-3600, as Class Counsel because Arenson Dittmar & Karban meets all of the requirements of Federal Rule of Civil Procedure 23(g).

2.      Class Counsel did substantial work identifying, investigating, litigating, and settling Plaintiffs' and the Class Members' claims.

3.      Class Counsel have experience prosecuting and settling employment class actions, including wage-and-hour class actions and are well-versed in wage-and-hour law and in class action law.  The work that Class Counsel has performed both in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests.

4.      The Court preliminarily approves Class Counsel's reasonable costs and fees, to be

paid from the Settlement Fund, in an amount to be determined if and when the Court grants final approval of the settlement.

## V.     Appointment of Class Representatives

1.      The Court appoints Named Plaintiffs Jean Hilaire, Jean Fresnel, Sualio Kamagate, Jean Vertus, Fousseimi Camara, Jean Morose, Noe Perez, Edgar Espinoza, Bolivio Chavez, Braulio Matamores Flores, Jeorge Ventura Concepcion, Angel Sandoval, Carlos De Leon Chiyal, and Lesley Pierre as Class Representatives.

2.      As Named Plaintiffs, the Class Representatives have adequately represented their fellow employees, spending significant time assisting Class Counsel.

## VI.    Class Notice

1.      The Court approves the Notices and Claim Form and Release ("Claim Form") attached as exhibits to the Settlement Agreement, and directs the Notice and Claim Form's distribution to the Class as mutually agreed upon by the Parties and submitted to Court for review.

2.      The Notice shall be distributed to the Class in English, Spanish, French, and Haitian-Creole.

3.      The contents of the Notice fully comply with due process and Federal Rule of Civil Procedure 23.

4.      Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

      6.    The Notice satisfies each of these requirements and adequately put class members on notice of the proposed settlement.

## VII.   Class Action Settlement Procedure

The Court hereby sets the following settlement procedure:

| | |
|---|---|
| 30 days after entry of Implementing Order:<br><br>**DATE:**  October 15, *2021* | Mailing of Class Notice and WhatsApp Messaging. |
| 60 days after date of mailing of Notice of Proposed Class Action Settlement:<br><br>**DATE:**December 14,*2021* | Last day for Class Members to "opt out" of the Settlement or to submit written objections to the Settlement. |
| 60 days after date of mailing of Notice of Proposed Class Action Settlement:<br><br>**DATE:** December 14, *2021* | Last day for Class Members to qualify as a Claimant by filing claim form to join the settlement. |
| 10 days prior to Fairness Hearing<br><br>**DATE:**  February 4, 2022 | Date for parties to file proposed Final Order, summary of claims made and application in support of proposed Final Settlement. |
| **DATE:**  February 14, 2022 | Final Settlement approval hearing ("Fairness Hearing"). |

SO ORDERED:

9/17/2021

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE