UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
JEAN HILAIRE, JEAN FRESNEL, SUALIO KAMAGATE, JEAN VERTUS, FOUSSEIMI CAMARA, JEAN MOROSE, NOE PEREZ, EDGAR ESPINOZA, BOLIVIO CHAVEZ, BRAULIO MATAMORES FLORES, JEORGE VENTURA CONCEPCION, ANGEL SANDOVAL, CARLOS DE LEON CHIYAL, and LESLY PIERRE on behalf of themselves and all others similarly situated who were employed by Underwest West Side Operating,

                               **Plaintiffs,**
              - against-

UNDERWEST WESTSIDE OPERATING CORP., MOSHE WINER, MARTIN TAUB, AVI GOLAN, AND ELAD EFORATI,
                               **Defendants.**
---------------------------------------------------------------- X

<u>Civil Action</u>

Case No.: 19-CV-3169

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/14/2022

## ~~[PROPOSED]~~ FINAL APPROVAL ORDER AND JUDGMENT

The Court, having considered Plaintiffs' unopposed Motion for Final Approval of Settlement, Awards of Attorneys' Fees, Costs, and Expenses, Approval of Service Payments to the Representative Plaintiffs, and Payment of the Claims Administrator's Costs and Expenses ("Motion"), and all other materials properly before the Court, and having conducted an inquiry pursuant to Section 216(b) of the Fair Labor Standards Act and Rule 23 of the Federal Rules of Civil Procedure, hereby finds and orders as follows:

1. The Court has jurisdiction over the subject matter of this action.

2. The Joint Stipulation of Settlement and Release, ECF Dkt No. 127 (the "Settlement Agreement) is a fair and reasonable compromise of the disputed claims. The Court finds that the Settlement was the product of protracted, arms-length negotiations between experienced counsel. The Settlement Agreement is granted final approval by

this Court. All class members who did not opt out are subject to the release of claims set forth therein.

3. There were no objections filed within the Court-ordered objection period and no objections filed to date. Of the 163 members of the Settlement class, no one has requested to be excluded from the Settlement.

4. The form and content of the notice and notice procedure satisfied the requirements of the Fed. R. Civ. P. 23(c)(2)(B) and adequately put class members on notice of the proposed settlement.

5. The Court finds, for settlement purposes only, that the NYLL class satisfies the applicable standards for certification under Fed. R. Civ. P. 23 and certifies the class under Fed. R. Civ. P. 23(e) for settlement purposes as defined in the Settlement Agreement as:

> Each former non-exempt employee of Underwest Westside Operating Corp. who worked during the period of April 9, 2013 through June 2, 2019. The Class specifically excludes exempt management and executive employees of Defendants.

6. Defendants must pay the Administrator One Million, Seventy-Three Thousand, Nine Hundred Dollars and Ninety-Nine Cents ($1,073,900.99), as full payment of the Settlement Fund, which includes the settlement payments to claimants totaling Five Hundred, Thirty-Seven Thousand, Eight-Hundred and Sixty-One Dollars and Twenty Six Cents ($537,861.26), Attorneys' fees and costs totaling Four Hundred and Twenty-Thousand, Two Hundred and Four Dollars and Thirteen Cents ($420,204.13), Service Awards totaling Seventy Thousand Dollars and No Cents ($70,000.00), Administrator's fees totaling Fifteen Thousand Dollars and No Cents ($15,000.00), and

Defendants' Payroll Taxes totaling Thirty-Thousand, Eight Hundred and Thirty Five Dollars and Sixty Cents ($30,835.60) within five (5) days following the Final Effective Date of the Settlement (all terms as defined in the Joint Stipulation of Settlement and Release, ECF Dkt. No. 127).

7. The Administrator must distribute the Settlement Fund pursuant to the Settlement Agreement.

8. Class and Collective Counsel's request for reasonable attorneys' fees in the amount of Four Hundred and Six Thousand, Six Hundred and Twenty-Eight Dollars and No Cents ($406,628.00) is granted.

9. Class Counsel's request for reimbursement from the Settlement Fund for their out-of-pocket litigation costs and expenses totaling Thirteen Thousand, Five-Hundred Seventy-Six Dollars and Thirteen Cents ($13,576.13) is granted.

10. The Court grants the Administrator reasonable fees and costs incurred in administering the settlement. The amount of Fifteen-Thousand Dollars and No Cents ($15,000.00) shall be paid from the Settlement Fund.

11. Nothing relating to this Order, or any communications, papers, or orders related to the Settlement shall be cited to as, construed to be, admissible as, or deemed an admission by Defendants of any liability, culpability, negligence, or wrongdoing toward Plaintiffs, the FLSA collective members, the NYLL class members, or any other person, or that class or collective action certification is appropriate in this or any other matter. There has been no determination by any Court as to the merits of the claims asserted by Plaintiffs against Defendants or as to whether a class or collective should be certified, other than for settlement purposes only.

12. The Court shall have exclusive and continuing jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of this Final Approval Order.

13. This document shall constitute a judgment for purposes of Rule 58 of the Fed. R. Civ. P. The Clerk of Court is respectfully requested to close this case.

It is so ORDERED this __14__ day of __February__, 2022.

_____
Hon. Robert W. Lehrburger, U.S.M.J.